UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| H. E. J., et al, <br><br> Plaintiffs, <br><br> vs. <br><br> BUTLER AMUSEMENTS, INC., <br><br> Defendant. | No. CV-13-0136-JLQ <br><br> MEMORANDUM RE: SETTLEMENT HEARING |

To assist counsel at the April 15, 2014 Minor Settlement Hearing, the court advises as follows:

1. In reviewing the merits of Plaintiffs' claims, it appears to the court, without ruling, that in the court's trustee role, the settlement of the minor's claims for the gross sum of $500,000 is a reasonable resolution of those claims.

2. The court has serious reservations as to reasonableness of an award of 40% of the gross award as attorney fees in the amount of $200,000. The court is first required to fix the lodestar fees earned based upon the hours reasonable expended at reasonable hourly rates. It is clear to the court that the alleged time claimed by Plaintiffs' attorneys is not based upon time records contemporaneously recorded at the time of each event. Rather, as stated in the Declaration of Scott F. Lundberg (ECF No. 30), Exhibit B thereto is merely a reconstructed "summary" of hours allegedly spent on this case by Plaintiffs' attorneys and staff. This reconstructed "summary" includes, starting on March 20, 2014. over 40 hours of "work on time records." Obviously, the expenditure of such time was the result of the failing to contemporaneously record time as it was expended and which would not have required the expenditure of such time had it been contemporaneously recorded.

ORDER - 1

Attorneys with the experience of those herein involved, certainly must, or should, know that in the trust position of representing a minor or incompetent person, the keeping of contemporaneous time records is strongly recommended. Persons with the extensive experience of the attorney fee expert, Philip A. Talmadge, understand the necessity for contemporaneous record keeping. However, the lack of such contemporaneous records has not been discussed in the attorney fee submittals. Unfortunately, it is clear that contemporaneous time keeping did not take place in this case.

Starting with the 1983 U. S. Supreme Court case of *Hensley v. Eckerhart*, 461 U.S. 424, 438 n. 13 (1983), courts have approved a substantial reduction in claimed attorney hours by reason of the failure to keep contemporaneous time records. *See also Fischer v. SJB*, 214 F. 3d. 1115 (9th Cir. 2000) (holding that the fact that a fee request is not based on contemporaneous records is a valid reason for the trial court to reduce requested fees). Washington state courts have also found reconstructed time records to be unreliable. *See Johnson v. DOT*, 174 Wash. App. 684 (Wash.App.Div. 1 2013). Federal Circuit Courts of Appeal have stringently applied the contemporaneous rule. In *Anderson v. Secretary of H.S.S.*, 80 F. 3d 1500, 1506 (10th Cir. 1996), the Tenth Circuit held that a district court may totally deny an attorney fee request when no contemporaneous time records were kept.

The foregoing should not be construed as a suggestion by this court that no attorney fees should be awarded in this case. This court's 23 years in the private practice of the law including the handling of many contingent and fixed fee cases and the 34+ years on this bench have made the court aware of the fact that many law firms, particularly those such as represented the Plaintiffs herein who deal primarily in contingent fee cases, do not ordinarily maintain time records. However, when representing minors or incompetents the maintenance of contemporaneous time records is vital and stricter scrutiny is required of the court when non-contemporaneous

reconstructed time is claimed. Reconstructed claims such as some 32 hours now claimed in November, 2013 in preparing a mediation brief and the attorney fees sought for the time spent reconstructing non-contemporaneous time are examples of the reason for the contemporaneous time record rule.

3. Plaintiffs' law firm seeks reimbursement of "costs" expended in the amount of $20,721.49. It is the policy of this court when considering the award of a reasonable contingent fee to base the award only after deduction of such costs from the gross recovery as to rule otherwise would be awarding a contingent fee on sums being reimbursed to the law firm.

4. The Amended Petition in this case also seeks the payment of $10,590.07 to the parents of the minor Plaintiff as reimbursement for medical and tutoring expenses paid. The court does not doubt that such sums were paid however, the only specific reference thereto is in the Guardian Ad Litem's Report to the initial Petition.

5. The Amended Petition also suggests the disbursement of $20,000 to Key Bank to cover future medical expenses of the minor Plaintiff. The provision of Local Rule 17.1 shall be applied thereto, provided that if the court does not require the management of such funds through a state court guardianship, such funds may be utilized in the future only for special expenses associated with the minor Plaintiff's injuries herein and not as a replacement fund for those expenses ordinarily borne by parents.

6. The court is further concerned with the fact that the proposed annuity contract apparently does not contain a specific restriction on the assignment or sale of future payments without the approval of the court.

The Clerk shall enter this Order and furnish copies to counsel and to the Guardian Ad Litem, Gregory Decker.

Dated this 8th day of April, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3